IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON LEE McCALL, #1201404, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1921-O |
| | ) | |
| NATHANIEL QUARTERMAN, | ) | |
| Director, Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by a state prisoner.[1]

Parties: Petitioner is presently confined at the Luther Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Navasota, Texas. Respondent is the Director of TDCJ-CID.

Statement of the Case: On March 8, 2000, pursuant to a plea bargain agreement Petitioner entered an open plea of guilty to the offense of aggravated assault with a deadly

---

[1] This action was initially filed in the U.S. District Court for the Southern District of Texas, Houston Division, which in turn transferred it to this court.

weapon in Criminal District Court No. 3, Dallas County, Texas, in Cause No. F00-70161-PLJ. TR. at 6-8.[2] On the same date, the court deferred adjudicating Petitioner's guilt and imposed a ten-year period of community supervision and a $300 fine. *Id.* at 12. Petitioner did not appeal.

Thereafter the state moved to proceed with adjudication of guilt, alleging Petitioner violated the terms of his probation. On August 7, 2003, Petitioner entered a plea of true to the allegations and the defense presented testimony. TR. at 32-33; Vol. 3 SF at 4, 6-15. On October 23, 2003, the trial court adjudicated Petitioner guilty, made an affirmative finding on the use of a deadly weapon, and sentenced him to fourteen years imprisonment. TR. at 41-46; Vol. 4 SF at 8-9. The Fifth District Court of Appeals affirmed the trial court's judgment. *McCall v. State*, No. 05-03-01609-CR (Tex. App. -- Dallas Aug. 18, 2004, no pet.). Although Petitioner successfully obtained an extension until November 16, 2004, to file a petition for discretionary review, he never filed one. (Respondent's Answer at Exh. A). On August 17, 2005, Petitioner filed a state habeas application, which the Texas Court of Criminal Appeals (TCCA) denied without written order on October 3, 2007. *See Ex parte McCall*, No. 64-045-02, ID 2301009, at 2 and at cover.

In his federal habeas petition, deemed filed on October 12, 2007, Petitioner challenges his underlying guilty plea as well as his probation revocation, adjudication of guilt and sentencing. He raises the following main claims: (1) the prosecution failed to disclose evidence

---

[2] "TR." refers to the Clerk's Records, and "SF" to the transcripts of Petitioner's guilty plea and revocation proceedings. Since the post-conviction art. 11.07 proceedings contain more than one volume, the court has included the CCA cover sheet identification number.
    The federal petition includes seventeen additional handwritten pages explaining Petitioner's grounds for habeas relief. The Court has renumbered the pages in sequential order and will refer to them as "Pet's Addt'l pages at [page number]."

favorable to the defendant; (2) counsel rendered ineffective assistance at trial and on appeal; (3) his sentence is illegal, and (4) the record contains no evidence or insufficient evidence of the essential elements of the crime.[3]

In response to the court's show cause order, Respondent filed an answer along with the state court record. He argues that any claim related to the original plea is time barred, and that all other claims were procedurally barred, waived or without merit. Petitioner filed a reply to the answer on March 4, 2008.

Findings and Conclusions: The court addresses first Respondent's statute of limitations argument. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

---

[3] For purposes of this recommendation, the petition is deemed filed on October 12, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting his grounds became or could have become known prior to the date on which Petitioner's deferred adjudication probation became final. Therefore, the court calculates the one-year statute of limitations from the date his deferred adjudication probation became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006), the Fifth Circuit Court of Appeals held that an order of deferred adjudication probation following a plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review. The Court noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'" *Id.* at 530 (quoting Tex. R. App. P. 26.2(a)(1)).

Applying *Caldwell*'s holding to this case, Petitioner's deferred adjudication probation became final at the very latest, for purposes of § 2244(d)(1)(A), on April 7, 2000, the last day on which he could have appealed the deferred adjudication order. The one-year limitations period began to run on April 8, 2000, and expired one year later on April 7, 2001. Petitioner did not file this federal habeas petition until October 12, 2007, more than six and one-half years after the limitations period expired. Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, Petitioner's state habeas corpus application was not

pending in state court during the one-year period. Therefore, any claim challenging Petitioner's guilty plea is time barred unless the one-year period is tolled on equitable grounds.[4]

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

It is unsurprising that Petitioner took no action to raise any claims related to the underlying guilty plea prior to the revocation of his community supervision. By any standard he had obtained a very favorable disposition of the criminal charge in avoiding a prison term.

Moreover, Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed filing his original state habeas application by more than five years after he pled guilty to the charges and the one-year period began to run. While Petitioner filed his federal petition within nine days of the denial of his 11.07 application, his diligence came too late. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v.*

---

[4] The fact that Petitioner did not receive a copy of the order granting him an extension of time to file a petition for discretionary review (*see* Pet's Rebuttal at 4) is immaterial for purposes of determining whether his guilty-plea claims are barred by the limitations period.

*Johnson*, 174 F.3d 714, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling and any claim challenging his underlying guilty plea should be dismissed as time barred.

The court addresses next Petitioner's claims challenging his adjudication of guilt, affirmative finding of a deadly weapon, and imposition of a sentence. The AEDPA precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In his first ground, Petitioner asserts the prosecution withheld evidence favorable to him. (Pet. at 7). Specifically he alleges the prosecutor failed to advise him that there was no evidence of an affirmative finding of a deadly weapon and, no proof of serious bodily injury at the plea hearing, and that the date had been altered (without his knowledge or approval) on various court documents presented at the plea hearing . (Pet's Addt'l pages at 1-4).

To the extent these claims are unrelated to Petitioner's underlying guilty plea and, thus, are timely under the AEDPA, they lack merit. None of Petitioner's due process allegations involve the State's failure to disclose "evidence" that was favorable to the defense as set out in *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *See Moore v. Illinois*, 408 U.S. 786, 794-95 (1972) (To establish a *Brady* violation, a petitioner must prove (1) the prosecutor suppressed or withheld evidence (2) that was favorable and (3) material to is guilt or punishment); *Mahler v. Kaylo*, ___ F.3d. ___, 2008 WL 2876568, at *4 (5th Cir. 2008) (same).

Respondent correctly notes that the central issue underlying the federal petition is that the trial court failed to enter an affirmative finding of a deadly weapon at Petitioner's original plea hearing, and that it did so without authority at the revocation hearing. According to Petitioner, without a proper affirmative finding at the plea hearing, his offense did not qualify as a felony and, as a result, the trial court lacked jurisdiction to sentence him.

Petitioner's argument is based on the confusion created by the prosecutor, who filed a Motion to Enter Order Nunc Pro Tunc on August 28, 2003 (after the filing of the motion to proceed with adjudication of guilt) and requested that the trial court add an affirmative finding to the deferred adjudication order. TR. at 34-35. Trial counsel objected in writing and at the revocation hearing, contending it was too late to enter an affirmative finding and that the effect of this oversight was that Petitioner's sentence could only be classified as a misdemeanor. *Id.* at 38-40; 4 SF at 6-8. The trial court ignored the State and defense counsel's motions without comment, and found Petitioner guilty. 4 SF at 8-9. The court then made a deadly weapon finding and pronounced the sentence. *Id.* The judgment, which adjudicated Petitioner's guilt and imposed the fourteen year sentence, reflected a deadly weapon. TR. at 41-42.

In deferred-adjudication-probation cases, an affirmative deadly weapon finding is not made until after the court finds the allegations of the probation violation true and adjudicates the defendant guilty. "Nothing in the Texas Code of Criminal Procedure require[s] the trial judge to make the deadly weapon finding prior to adjudicating appellant's guilt." *Upton v State*, 1998 WL 8689, 5-7 (Tex. App-Dallas, 1998). As a matter of fact, since the deadly weapon finding is necessary in calculating a prisoner's parole eligibility date, it is totally irrelevant at the earlier stage when the court defers adjudication of guilt and places the defendant on community

7

supervision for a term of years. *Kinkaid v. State*, 184 S.W.3d 929, 930 (Tex. App.-Waco, 2006) (citing *Sampson v. State*, 983 S.W.2d 842 (Tex. App.-Houston [1st Dist.] 1998, pet re'f)) (holding that deadly weapon finding is inappropriate in an order of deferred adjudication); *Johnson v. State*, 2002 WL 1788002, *3 (Tex.App.-Dallas, 2002) (concluding trial court correctly determined an affirmative finding of a deadly weapon was applicable to its order adjudicating appellant's guilt). *See also Ex parte Franklin*, 757 S.W.2d 778, 780 (Tex. Crim. App. 1988) (holding that deadly weapon finding was more appropriately made at the time of punishment).[5] Thus, the trial judge properly entered the deadly weapon finding at the revocation/adjudication proceeding, after accepting Petitioner's plea of true and adjudicating him guilty.[6]

Insofar as Petitioner contends there was no proof of serious bodily injury in his case, his claim is patently frivolous. Petitioner's confession and plea to the offense as charged in the indictment, and his own testimony at the plea hearing -- that he beat his wife for four consecutive days using various deadly weapon -- provided sufficient proof of serious bodily injury. TR at 2, 8, and 9; 2 SF at 29, 31, 34-52.

---

[5] Although technically not part of the sentence, a deadly weapon finding affects the defendant's sentence and his eligibility for parole. *See* Tex. Code Crim. Proc. Ann art. 42.12, § 3(g); Tex. Gov't Code Ann. § 508.145(d).

[6] The Assistant District Attorney assigned to the state habeas proceedings was also confused about when a deadly weapon finding should be made in deferred adjudication probation cases. In the state's response, she argued that there was no harm in the trial court's delay in entering the affirmative finding because Petitioner had sufficient notice of the State's intent to seek an affirmative finding. *Ex parte McCall*, No. 64,045-02, ID 2301009, at 51-52..
Petitioner's reliance on straight probation cases, *see e.g. Ex parte Shaw*, 724 S.W.2d 75 (Tex. Crim. App. 1987), which require the affirmative finding of a deadly weapon to be entered at the original plea proceeding, is inapposite. In a straight probation case, unlike a deferred adjudication probation case, a defendant is adjudicated guilty *and* sentenced at the original plea proceeding. The imposition of the sentence is then suspended, and the defendant is placed on probation for a term of years.

Next Petitioner claims the State failed to show evidence to the defense that all paperwork, including the court's admonishments, the plea bargain and the guilty plea, had been altered. This claim is likewise meritless. Petitioner concedes only the clerk's date stamp of these documents was altered to reflect the correct date on which the plea proceeding occurred. *See* Pet's Addt'l pages at 1-4. In any event, no *Brady* violation could have occurred because the documents at issue were part of the state court's record.[7]

In his second ground, Petitioner challenges trial counsel's ineffective assistance. When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005), *cert. denied*, 547 U.S. 1040 (2006).[8]

Petitioner couches the majority of his ineffective assistance claims on the belief that trial counsel should have done more to challenge the trial court's failure to enter the affirmative finding of a deadly weapon at his plea hearing. As noted above, there was nothing improper

---

[7] In the "Addendum Memorandum" in support, Petitioner alleges for the first time that he "was harmed when the prosecution failed to disclose information in a psychiatrist's report and such information had a strong indication that the defendant could have raised the insanity defense." (Pet's Add. Mem. at 1-2). Even if Petitioner had exhausted this claim, it fails to allege a *Brady* claim for the same reason noted above.

[8] The issue of ineffective assistance of counsel is a mixed question of law and fact. *Virgil v. Dretke*, 446 F.3d 598, 604 (5th Cir. 2006). Thus, the question before this court is whether the state courts' denial of relief was contrary to, or an unreasonable application of, United States Supreme Court precedent. *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2003).

about the trial court's affirmative finding of a deadly weapon. Thus, Petitioner cannot show any prejudice.

Nor can Petitioner show any prejudice as a result of trial counsel's failure to object at the revocation hearing to the following trial judge's comments: "So ya'll were scamming me for about a year," and "Mr. McCall, it appears to me that there's a Dr. Jekyll and Mr. Hyde syndrome." 3 SF 10, 16. Insofar as Petitioner claims the above comments evidence bias, his claims are patently frivolous. In the first statement, the trial judge was merely commenting out loud about Petitioner's refusal to comply with the conditions of his probation -- namely Petitioner had returned to live with his wife and children for about a year in outright violation of the conditions of his probation, and he had lied about it to his probation officer and the court. 3 SF at 10. The second statement, when taken in context, reflects nothing more than the difficult question facing the trial judge – i.e., whether the court should continue Petitioner's probation or whether it should revoke it.[9]

---

[9] After the defense rested, the trial judge commented as follows:
THE COURT: Back on the record.
Mr. McCall, it appears to me that there's a Dr. Jekyll and Mr. Hyde syndrome. The Jason McCall I know from two years is not the Jason McCall that I see and what I read in this file and what occurred before.
You had some relapses after graduation, correct?
THE DEFENDANT: Yes, sir.
THE COURT: And that's led to the Jason McCall that's in this file, and that's the reason we're here. You know, when you're sober and doing what you're supposed to, you're a good man. I'm proud of you, proud of everything about. Your – the changes and successes you've had are unmatched.
But you choose to relapse, it's a whole – it's a whole other ballgame. That's kind of the quandary I'm in here now. Because I'm not sure what's going to be tomorrow, I'm not sure who's going to be there.
3 SF at 16.

Likewise any claim that trial counsel was ineffective for failing to investigate an insanity defense is conclusory and wholly meritless. (Pet's Add. Mem. at 4).[10]

Petitioner also challenges appellate counsel's failure to raise any of the above claims on appeal. Pet's Addt'l pages at 9. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989); *see also Jones v. Barnes,* 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14 (1983). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000).

As noted above, all of Petitioner's claims lacked merit. It, thus, follows that appellate counsel was not ineffective for failing to raise them on direct appeal.

In his third ground, Petitioner seeks to challenge his sentence on the ground it was "illegal." He reiterates that the trial judge abused his discretion (1) by adding an affirmative finding of a deadly weapon at the revocation hearing, and sentencing him for a felony; and (2) by allowing altered paperwork into evidence rather than dismissing the case. Both claims are predicated on state law issues. As such they are not cognizable in this federal habeas proceeding. *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (A federal court does not "'sit as a 'super' state supreme court' in a habeas corpus proceeding to review errors under state law."). Nevertheless, as previously noted, the trial judge's conduct in making the affirmative finding at the revocation/adjudication hearing, and the date corrections made to the documents introduced at

---

[10] As previously noted, Petitioner alleges this claim for the first time in his "Addendum Memorandum." The court questions whether its is properly exhausted, and timely.

11

the guilty plea hearing were all proper. Moreover, Petitioner's fourteen-year sentence is undisputedly within the statutorily authorized range of two to twenty years imprisonment.

In his last ground, Petitioner contends there was no evidence or insufficient evidence to support his conviction for the offense of aggravated assault with a deadly weapon. Respondent correctly notes that Petitioner did not fairly present his sufficiency of the evidence claim to the TCCA in a procedurally correct manner. Petitioner did not file a petition for discretionary, and the trial court specifically found that "[t]he Court of Criminal Appeals will not consider the sufficiency of the evidence in a writ of habeas corpus." *Ex parte McCall*, No. WR-62,045-02, ID 2304864, at 7 (citing *Ex parte McClain*, 869 S.W.2d 349, 351 (1994)); *see also West v. Johnson*, 92 F.3d 1385, 1398, n. 18 (5th Cir. 1996). Since the TCCA denied the state writ on the findings of the trial court without hearing, it adopted that procedural reason for not considering this last claim. Thus, Petitioner has procedurally defaulted his sufficiency-of-the-evidence claim.

To overcome a procedural default, a petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice. *Smith v. Johnson,* 216 F.3d 521, 524 (5th Cir. 2000) (quoting *Pitts v. Anderson,* 122 F.3d 275, 279 (5th Cir. 1997)). Petitioner has not attempted to overcome the procedural bar. Even when liberally construed, his pleadings do not show cause for failing to raise sufficiency of the evidence claim to the TCCA. Nor can he establish that he is actually innocent of the offense of aggravated assault with a deadly weapon. Accordingly, the procedural default doctrine bars federal habeas relief on his sufficiency-of-the-evidence claim, and the court will not review this claim further.

Petitioner has failed to show that the state court's decision rejecting Petitioner's claims was contrary to or an unreasonable application of clearly established federal law. Therefore, the

petition, insofar as it raises claims related to Petitioner's revocation, adjudication and sentencing proceedings, should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that any claims related to Petitioner's underlying guilty plea be DISMISSED with prejudice as time barred, *see* 28 U.S.C. § 2244(d)(1), and that any claims related to Petitioner's revocation, adjudication and sentencing proceedings be DENIED and DISMISSED with prejudice.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent.

Signed this 8th day of August, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.